THE STATE v. SYLVESTER MERKLE.

Argued November 8, 1911—Decided April 22, 1912.

1.  A defendant in a criminal cause, who seeks to review alleged trial errors under the beneficent provisions of the one hundred and thirty-sixth section of the Criminal Procedure act, is not entitled to a reversal by reason of such errors, unless it is made to appear that he has suffered manifest wrong or injury thereby.  This is so even if he, in addition to filing statutory reasons for reversal, also files common law assignments of error.  He cannot take advantage of the benefits of the statute, and, at the same time, escape the results which the statute declares shall follow such a method of review.

2.  The opinion which a witness may have as to the effect which would be produced upon the mind of another by the communication to him of certain facts, is not evidential.

3.  The exclusion of questions which are asked for the purpose of testing the credibility of a witness, and which are not apt for that purpose, is not harmful to the party on whose behalf they are asked.

4.  By virtue of section 44 of the Criminal Procedure act an objection to an indictment, which is not taken at the trial had thereon, cannot be considered by a court of review as a ground for reversing a conviction.

5.  On a writ of error to review a criminal conviction, the question whether it is supported by evidence which shows guilt beyond a reasonable doubt is not before the reviewing court for its consideration.

On error to Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The defendant was convicted in the Hudson Quarter Sessions on an indictment charging

that on May 16th, 1909, while he was a member of the board of education of the town of West New York he solicited a bribe as the consideration of his vote and influence for the appointment of one Warren F. Hannis to the position of principal of a public school in the town. The entire record of the proceedings had at the trial has been returned with the writ of error pursuant to section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

When the case was moved for trial, and before the jury was impaneled, a motion to quash the indictment was made upon the ground that it contained no averment that Hannis was, or was about to become, a candidate for the office of school principal, or that there was any vacancy in that office to be filled; and on the further ground that the indictment lacked legal certainty in that it charged the defendant with *directly and indirectly* soliciting the bribe. The court overruled the motion to quash and directed the trial of the indictment to be proceeded with, and this was accordingly done.

The case made by the prosecution, briefly stated, was that Merkle went to Hannis shortly before the expiration of the latter's term as school principal, informed him that a combination had been entered into by five members of the board of whom he (Merkle) was one, to control the appointment of the principals in the schools of the town of West New York, and that he (Hannis) could have a reappointment by paying $100 to the combine before the next meeting of the board; that Hannis did not comply with the demand for the money, and that at the next meeting of the board he failed of reappointment, Merkle being one of the members to vote against him.

The defence was a denial of the charge of soliciting a bribe, and a justification of Merkle's conduct in voting against the reappointment of Hannis, upon the ground that the latter's record of efficiency as shown by the statement prepared by the supervising principal of schools, and submitted to the board, was so poor as to make it inadvisable to continue him longer in the school service.

The principal causes of reversal argued before us are directed at the overruling by the court of questions asked by counsel of the defendant on the cross-examination of the prosecuting witness Hannis, and on the direct examination of the defendant himself. The purpose of these questions was to bring out the fact that the "rating" of Hannis, as shown by the report made by the supervising principal to the board, was the lowest of any of the school principals in the town. It is difficult to understand upon what ground this line of testimony was excluded, for, manifestly, such testimony was both competent and relevant upon the question of the motive which induced Merkle to vote against the reappointment of Hannis. But the mere fact that the rulings complained of were erroneous will not justify a reversal of the conviction before us. The defendant, instead of seeking a review upon a strict bill of exceptions, has seen fit to avail himself of the beneficent provisions of section 136 of the Criminal Procedure act, which permits a defendant to bring up the whole record of the proceedings had upon the trial, and to subject to the scrutiny of a court of review all rulings of the trial court either admitting or rejecting testimony, whether objection was made thereto or not, every denial by the trial court of any matter which was a matter of discretion, and the whole charge to the jury, whether a bill of exceptions was signed and sealed thereto or not. Having resorted to this method of review the defendant is, by the express words of the statute, entitled to a reversal of the judgment against him only when "it appears" that he has "suffered manifest wrong or injury" by some of such rulings on evidence, or denials of matter of discretion, or by something contained in the charge. And this is so even if the defendant, in addition to filing reasons for reversal as provided by the one hundred and thirty-seventh section of the statute, also files common law assignments of error, as was done in this case. He cannot take advantage of the benefits conferred by the statute by bringing up for review the whole record of the proceedings at the trial, and at the same time escape the result which the statute declares shall follow such a method of review. The question, there-

fore, which these causes of reversal present for determination is not whether the rulings on evidence complained of were erroneous, but whether it appears, from an examination of the whole proceedings had at the trial, that the defendant suffered *manifest* wrong or injury thereby. An examination of the proceedings shows that Hannis himself, on the witness stand, admitted that his rating as a principal was "very poor," and that the defendant testified that the rating of Hannis was "the poorest rating" of any principal in the town. No attempt was made on the part of the prosecution to controvert this statement, and it went to the jury practically an admitted fact. The excluded evidence was, therefore, merely cumulative, and it is not perceived how it can be logically said that the defendant has suffered manifest wrong or injury by the refusal to admit testimony which merely supports the existence of an uncontroverted fact that has been proved by other evidence in the case.

The next ground of reversal challenges the validity of the ruling of the court excluding a question asked of the witness Hannis, upon his cross-examination, calling for his opinion as to the effect which would have been produced upon the mind of one Von Schaltzke, a member of the alleged "combine," by the communication to him by the witness of the defendant's statement that he (Von Schaltzke) demanded money as a consideration for his vote to reappoint the witness as school principal. Nothing which is worthy of being called an argument is submitted in support of the contention that this ruling was erroneous, and we are unable, without assistance, to discover any reason for so holding. Unless the witness was an expert in mind reading, surely the members of the jury were equally as well qualified to form such an opinion as the witness, and so even if the matter inquired of, namely, the effect which would have been produced upon the mind of Von Schaltzke by the communication to him of the defendant's statement, had been material to the issue, the opinion of the witness upon it would have been without probative force.

It is further argued that there was harmful error in refusing to permit counsel for defendant to ask Hannis on his

cross-examination whether the supervising principal had not presented to the board of education a report showing that his (Hannis's) discipline was bad. The question was excluded upon the ground that the report itself was the best evidence of its contents. It is now urged that the question should have been permitted, because the witness had just previously stated that the supervising principal had always commended his school, and his work, and that counsel had a right to wring from· him the admission that he had been reported for bad discipline, and thus force him to contradict his preceding statement; in other words, that the question was competent as a test of the credibility of the witness.

If the witness had no knowledge of the making of such a report his answer to the question would have thrown no light upon his credibility. If he knew that it had been made, and would have so stated in reply to the question, the injury to the defendant resulting from its exclusion was cured by the subsequent admission in evidence of the report itself. If he had stated in answer to the question that no such report had been made, it does not necessarily follow that he would have been guilty of false swearing, for his reply might have been due to entire lack of knowledge on his part of the fact, and a belief in the truth of his statement. The question, we think, was not apt to test the credibility of the witness, and its exclusion was not harmful to the defendant in view of the reception in evidence later of the report itself.

It is further contended that the indictment itself is fatally defective, and that the motion to quash it, made before the impaneling of the jury, should have prevailed. The single defect in the indictment which is assigned before us as a reason for reversal, is the failure to aver in it the name of the person from whom the defendant solicited the bribe. Section 44 of the Criminal Procedure act (*Comp. Stat., p.* 1834) provides that "Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken by demurrer, or motion to quash such indictment before the jury shall be sworn, and not afterwards." No such objection to the indictment as that now alleged before us was

taken on the motion to quash, and the statute is a bar to its consideration for the first time in a court of review. *Mead v. State,* 24 *Vroom* 601; *State* v. *Sharkey,* 44 *Id.* 491.

The only other ground upon which we are asked to reverse the conviction is that the verdict of the jury is not supported by the preponderance of the evidence. In the case of *State* .v. *Lang,* 46 *Vroom* 8, this court, in disposing of a similar contention, declared that it was no part of the duty of a court of review, in a case brought up under the one hundred and thirty-sixth section of the Criminal Procedure act, to examine the evidence for the purpose of determining whether or not it justified the verdict of the jury; and the Court of Errors and Appeals, upon a review of our judgment in that case, "entirely concurred" in the conclusion expressed by us upon that point. *S. C. on error,* 46 *Id.* 513.

The judgment under review will be affirmed.